IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MARY ANN SAMPLE,

        Plaintiff,

v.                                  No. CIV 03-1064 BB/KBM

ROBERT TELLES, in his individual
and official capacity,

        Defendant.

## MEMORANDUM OPINION
### AND
### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        THIS MATTER is before the Court on Defendant's motion for summary judgment [Doc. #12] on the issue of qualified immunity. After reviewing the briefs of counsel and being otherwise duly informed, the Court finds the motion is not supported by the law.

### *Facts*

        The parties have stipulated to the following facts for purposes of this motion:

        Defendant Robert Telles is a law enforcement agent, who at the times relevant to the complaint, was serving on the Region V Drug Task Force. Defendant was acting under color of state law at the time of the events listed herein. Following an investigation, and in the course of his duties as a member of the Region V Task Force,

**Telles prepared the affidavit for search warrant. The affidavit was reviewed by Curry County District Judge Robert Brack and a search warrant was duly issued on December 31, 2002. The warrant authorized a search of the residence, curtilage and vehicles at 304 Upsilon Street in Clovis.**

**The warrant was executed at the premises referenced in the warrant at 1420 on December 31, 2002 by Agent Telles and other members of the Region V Drug Task Force. The only vehicle on the premises was a white Lincoln. While searching the car, Agent Telles found a small plastic bottle that contained a white powdery residue. He field-tested the residue, which tested positive for cocaine. The police intended to take the car into custody and have it towed to the police station. A female, later revealed to be Plaintiff Mary Ann Sample, spoke to Sgt. Jay Longley and said that the car could not be towed because she owned the car. At Sgt. Longley's direction, Plaintiff was arrested and charged with possession of a controlled substance.**

**Agent Telles asked the district attorney to dismiss the complaint prior to the preliminary hearing because he was unable to locate any evidence that Plaintiff had been utilizing the Lincoln during the relevant time period. The district attorney dismissed the charges.**

**Agent Telles prepared a felony case file report in the ordinary course of his employment. Plaintiff lived at 221 Merrill Drive, Clovis, New Mexico 88101. Plaintiff did not live at 304 Upsilon. Plaintiff was not present at 304 Upsilon when law**

enforcement agents originally arrived to execute the search warrant.  Plaintiff was not a subject of the search warrant.

Prior to the arrest of Plaintiff, Agent Telles had seen the subject of the search warrant, James Sneed, drive the Lincoln on several occasions.  Agent Telles had never seen Plaintiff drive the white Lincoln.  When Plaintiff arrived to protest the planned towing of the Lincoln, she explained to Sgt. Longley, Agent Telles' supervisor, that James Sneed was in the process of buying the car from her, that he had possession and control of the car, but that she was still the registered owner of the car.  At no time did Plaintiff make any statements indicating that she knew cocaine residue was in the car.  Plaintiff spent twelve hours in jail.  Plaintiff paid $600 to bond out of jail.

### *Issue*

Did the fact that Agent Telles found drug residue in the car located at 304 Upsilon Street give him probable cause to arrest the registered owner of the vehicle when she approached the scene to stop the vehicle from being towed.

### *Discussion*

#### *Probable Cause*

As a matter of law it cannot "be said that probable cause for a search warrant would necessarily justify an arrest."  Wayne R. LaFave, 2 SEARCH AND SEIZURE § 3.1(b) (3d ed. 1996) at 7.  Conversely, probable cause to arrest does not automatically provide probable cause for search.  *United States v. Haynes*, 301 F.3d 669 (6th Cir. 2002); *United*

*States v. Cooper*, 949 F.2d 737 (5th Cir. 1991). Even certainty that an offense has been committed is not probable cause to arrest a specific individual without a warrant unless a solid reason exists to believe that individual committed the offense. *United States v. McNally*, 473 F.2d 934 (3d Cir. 1973). "Likewise, there can be probable cause to search a vehicle without there also being probable cause to arrest the owner or operator of that vehicle." LaFave, *supra* at 10. *Cf. United States v. Edwards*, 242 F.3d 928 (10th Cir. 2001) (probable cause to arrest is not probable cause to search vehicle). Finding cocaine residue in a car registered to Plaintiff, especially when Agent Telles knew the vehicle was used by James Sneed and was located at his residence, does not automatically provide a basis for probable cause to arrest Plaintiff. There is, then, a fact issue as to whether these facts will support a finding of probable cause. *See Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336 (7th Cir. 1985).

### *Qualified Immunity*

Qualified immunity "protects public officials from individual liability in a § 1983 action unless the officials violated 'clearly established ... constitutional rights of which a reasonable person would have known.'" *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The question of whether a reasonable police officer could have believed he had probable cause is one of law. *Hunter v. Bryant*, 502 U.S. 224 (1991). However, if what the police knew prior to the arrest is disputed and if a reasonable officer's perception would vary depending on how

4

**the facts are resolved, summary judgment is inappropriate.** *Guffey v. Wyatt*, **18 F.3d 869 (10th Cir. 1994). Here, Agent Telles had seen Sneed drive the Lincoln on several occasions but had never seen Plaintiff drive that car. Plaintiff will testify she told Sgt. Longley that Sneed was in the process of buying the car and that he had possession and control of the vehicle although it was still registered in her name.[1] Constructive or joint possession of discovered narcotics as a basis for probable cause generally present questions of fact.** *See Holmes v. Kucynda*, **321 F.3d 1069 (11th Cir. 2003);** *United States v. Reinholz*, **245 F.3d 765 (8th Cir. 2001). That is also true in the case at bar.**

### O R D E R

**For the above stated reasons, Defendant's Motion for Summary Judgment is DENIED.**

**SO ORDERED this 1st day of July, 2004.**

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**United States District Judge**

---

[1] Sgt. Longley will apparently testify that Plaintiff claimed ownership of the car and its contents, but not that she said Sneed was in the process of buying the car from her. For purposes of summary judgment only, the Court must accept as true Plaintiff's version of the conversation.

**For Plaintiff:**
    **Joseph P. Kennedy, Shannon L. Oliver, KENNEDY & OLIVER, Albuquerque, NM**

**For Defendant:**
    **Virginia Anderman, MILLER STRATVERT, Albuquerque, NM**